UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
PHENROY DAY,

      Petitioner,

  -against-

ROBERT E. ERCOLE, Superintendent of Green
Haven Correctional Facility,

      Respondent.
------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 22 2011

MEMORANDUM DECISION AND ORDER

09 Civ. 10279 (GBD)(KNF)

GEORGE B. DANIELS, District Judge:

  Pro se petitioner Phenroy Day brings this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his conviction and incarceration violate the United States Constitution because: (1) the trial court's denial of a jury instruction on entrapment violated his due process right to a fair trial; and (2) the imposition of consecutive, rather than concurrent sentences, resulting in a sentence of 20 years, constitutes cruel and usual punishment and violates his Fourteenth Amendment rights. This Court referred the matter to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation. Magistrate Judge Fox issued a Report and Recommendation ("Report") recommending that Petitioner's habeas corpus petition be denied in its entirety.

  The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner filed a timely objection to the Report. This Court considered the Report in light of that objection and adopts the Report in its entirety.

Magistrate Judge Fox properly concluded that the trial court did not deny Petitioner's due process right to a fair trial by refusing to give an entrapment instruction. A defendant is entitled to an entrapment instruction if a public servant, or someone cooperating with a public servant, induced or encouraged him to commit an offense, which he would not otherwise have been predisposed to commit, to obtain evidence for a criminal prosecution of that offense. N.Y. Penal Law ("PL") § 40.05 (McKinney 2009); See Sherman v. United States, 356 U.S. 369, 372 (1958). Petitioner was not entitled to an entrapment instruction because he did not present sufficient evidence from which a reasonable jury could find inducement and lack of predisposition, on Petitioner's part, to commit the crimes charged. Accordingly, the Appellate Division did not apply clearly established federal law unreasonably when it found no error in the trial court's refusal to instruct the jury on entrapment.

Magistrate Judge Fox also properly concluded that the trial court's imposition of consecutive and not concurrent sentences did not violate the Eighth or Fourteenth Amendments. As Petitioner committed the offenses on twelve different days and his actions on each of those days were not material to the offenses committed on other days, the trial court was authorized to impose consecutive sentences under New York Penal Law guidelines. See PL § 70.25. Accordingly, Magistrate Judge Fox properly determined that no federal constitutional issue is presented because the sentence is consistent with the range prescribed by state law. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Magistrate Judge Fox also properly concluded that Petitioner's additional constitutional claims regarding his sentence are without merit. Without more, Petitioner's assertion that the state court unreasonably applied Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001 (1983) in considering certain objective factors relevant to sentencing is insufficient to sustain his burden of showing that his constitutional rights have been violated.

Finally, as Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corp. Counsel of the City of New York, 9 Fed. App'x. 58, 60 (2d Cir. 2001).

## Conclusion

This Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is DISMISSED.

Dated: June 22, 2011
      New York, New York

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge